IN THE UNTIED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| MOHAMMAD WISHAH, | ) | |
| | ) | |
| Plaintiff, | ) | Cause No. |
| | ) | |
| v. | ) | |
| | ) | Div. |
| CITY OF COUNTRY CLUB HILLS, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| BENDER MCKINNEY individually and | ) | |
| in his official capacity as Mayor, DANIEL | ) | |
| BOYER, individually and in his official | ) | |
| capacity as Chief of Police, IDRIESE | ) | |
| TABARLY, individually and in his | ) | |
| official capacity as a Police Officer, and | ) | |
| DENNIS EPPS, individually and | ) | |
| in his official capacity as a Police Officer, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| **SERVE ALL DEFENDANTS AT:** | ) | |
| | ) | |
| **City Hall** | ) | |
| **7422 Eunice Avenue** | ) | |
| **Country Club Hills, Missouri 63136** | ) | |

## COMPLAINT

Plaintiff Mohammad Wishah files this Complaint against the City of Country Club Hills,

Missouri, Mayor Bender McKinney, Chief of Police Daniel Boyer, Officer Idriese Tabarly and

Officer Dennis Epps, jointly and severally, stating as follows:

## INTRODUCTION

Mohammad Wishah was visiting his cousin's grocery store on the evening of July 25,

2018, when he was assaulted by Country Club Hills Police Officer, Idriese Tabarly.  Officer

Tabarly violently threw Mr. Wishah to the asphalt parking lot, damaging the vertebrae and disks

in his back.  Mr. Wishah had done nothing wrong.  He had committed no crime.  He was not arrested or charged by the police.  In short, the assault was unprovoked and illegal.

On June 19, 2019, Officer Tabarly was indicted by the St. Louis County Grand Jury, charging him with fourth degree assault.  The other defendants are liable for directly and indirectly participating in a pattern and practice of mistreatment of immigrant residents, and by failing to train and supervise officers in the use of excessive force.

## JURISDICTION

1.     Federal jurisdiction is proper pursuant to 28 U.S.C. §1331 because Plaintiff's claims arise under 42 U.S.S. §1981, §1983, §1988, and the United States Constitution.

2.     Venue is proper in this Court because the incident and actions alleged in this Complaint occurred within the district and all defendants reside herein.

## PARTIES

3.     Mohammad Wishah an individual resident of the City of Country Club Hills, Missouri.  He is a United States citizen of Jordanian origin, and is a Muslim.

4.     The City of Country Club Hills (the "City") is a fourth-class city, with a population according to the 2010 census of 1,274 residents.

5.     Bender McKinney is the Mayor of the City ("Mayor McKinney").  Mayor McKinney is also the "police commissioner" for the City.  At all times relevant hereto, Mayor McKinney was acting under of color of law.

6.     Daniel Boyer is the Chief of Police for the City ("Chief Boyer"), a position he has held at all time relevant herein. He is a resident of the State of Missouri.  At all times relevant hereto, Chief Boyer was acting under of color of law.

7.      Police Officer Idriese Tabarly is a law enforcement officer for the City ("Officer Tabarly"), a position he has held at all time relevant herein. He is a resident of the State of Missouri.  At all times relevant hereto, Officer Tabarly was acting under of color of law.

8.      Police Officer Dennis Epps is a law enforcement officer for the City ("Officer Epps"), a position he has held at all time relevant herein. He is a resident of the State of Missouri.  At all times relevant hereto, Officer Epps was acting under of color of law.

## FACTS

9.      Mr. Wishah is 55 years old.  He was born in Jordan, but emigrated to this Country in 2000.  Since 2017 he has been a United States citizen.  He lives in Country Club Hills, Missouri, and assists his cousin at Mally's Laundromat and Mally's Market (the "Market").  The businesses are almost immediately adjacent along West Florissant Avenue in Country Club Hills. Mr. Wishah has had several back surgeries, and often walks with a cane.

10.      On July 25, 2019, Mr. Wishah was visiting the Market.  While at the Market, he ordered food to go for his family.  Mr. Wishah was the guest of his cousin, who owned the Market.  It is very common for Mr. Wishah to visit the Market because of its close proximity to both the laundromat and his home, and because he is related to its owner.  He often orders food from the Market.

11.      The Market has a video surveillance system that records the activities of persons within the Market, and the system was working on the evening of July 25, 2018.  Therefore, the incident alleged herein was captured on video.

12.      While Mr. Wishah was visiting the Market, Officers Tabarly and Epps entered the Market.  They had not been called to the Market by the owner or any employees.  No call for service had been made by anyone related to the Market.  The officers simply were standing

inside the Market, talking to one another, and eating free food and drinks belonging to the Market.

13.     Mr. Wishah was very familiar to the defendants because the City is small, Mr. Wishah assists his cousin at two of the few businesses in town, and because he lives one block from the police station he can be seen walking with his cane around the City.  Mr. Wishah also has a very unique appearance related to his vocation as a Muslim spiritual healer.

14.     At some point while Mr. Wishah was waiting for his food, he became engaged in a conversation with Officers Tabarly and Epps.  The officers became frustrated with the conversation and told Mr. Wishah he "had to leave" the Market.  No one employed by the Market had asked, requested, or demanded that Mr. Wishah leave the Market.  Mr. Wishah had done nothing illegal or improper to warrant the Officers' request.  At no time did Mr. Wishah ever pose a threat to the safety of any officer or other person.  So, Mr. Wishah stated that the officers had no right to demand that he leave while he waited for his food.

15.     At that point, Officer Epps placed his hands upon Mr. Wishah and pushed him toward the front door of the Market, demanding that he leave.  While doing so, Officer Epps caused Mr. Wishah to make contact with the doors.  Mr. Wishah was told by Officer Epps that if he did not leave, he would be "locked up".

16.     Mr. Wishah went outside and sat in his automobile for a period of time, during which he called his wife.  During the conversation, she asked him to also bring home lemon juice for the fish he had ordered.  Following the conversation, Mr. Wishah exited his car and walked toward the front doors of the Market.

17.     Officers Epps and Tabarly could see Mr. Wishah walking toward the front doors. Officer Epps instructed Officer Tabarly to "go take care of him."  Officer Epps was Officer

Tabarly's superior officer.  Officer Tabarly them turned to the Market employee and told him to "back off, a war is about to happen."  Before Mr. Wishah could open the front door, Officer Tabarly forcefully opened the door, grabbed Mr. Wishah by the shoulder and violently pushed him to the asphalt parking lot.  Mr. Wishah hit the asphalt parking lot directly with his lower back.  The force of the contact sent a searing pain up and down Mr. Wishah's spine.

18.     At that point, Officer Tabarly grabbed Mr. Wishah again by the shoulder and dragged him to his feet, and pushed him toward his vehicle.  Officer Tabarly again told Mr. Wishah if he did not leave he would be arrested.

19.     An employee of the Market brought Mr. Wishah's food to his vehicle.

20.     Mr. Wishah drove the short distance from the Market to his home, where he called 911 for an ambulance.  He was taken to a hospital and treated for his injuries.

21.     Later that same evening, Officer Epps returned to the Market and spoke with one of the employees.  Officer Epps instructed the employee to say that the Market had asked the Police to have Mr. Wishah removed.  The employee stated he would not say that because it was not true and he would not lie.  The employee also told Office Epps that the entire incident had been captured on the Market's video surveillance.

22.     Officer Epps then contacted the Market's owner and asked the owner to delete the videotape of the incident.  The owner stated that he could not delete the video.

23.     Because Mr. Wishah feared that the City and the Officers were attempting to cover-up what happened, he contacted the FBI.  Two federal agents came to the Market the following day to secure a copy of the videotape and to speak with the Market's owner.  The Market's owner told the FBI about the Officer's request to delete the video.

24.     Mr. Wishah has never been charged with any crime or violation arising out of his presence at the Market on the evening of July 25, 2018, and at no time did Mr. Wishah ever pose a threat to the safety of any officer or other person.

25.     Mr. Wishah suffered damages to his head, neck, back, torso, legs, and body as a result of the excessive force inflicted upon him by Officer Tabarly and Officer Epps.

26.     The City, Mayor McKinney and Chief Boyer, with deliberate indifference to the rights of citizens to be free from violations of their civil and constitutional rights have encouraged, tolerated, ratified and acquiesced in the policy and/or practice of using excessive force, including by the following:

a.     failing to properly vet potential hires for police officers by the City;

b.     failing to conduct sufficient training with respect to the constitutional limits on the use of force;

c.     by tolerating the use of unconstitutional force;

d.     by failing to investigate complaints of excessive force; and

e.     by failing to take disciplinary action against officers who use excessive force.

27.     The City, Mayor McKinney and Chief Boyer, with deliberate indifference to the rights of citizens to be free from violations of their civil and constitutional rights have encouraged, tolerated, ratified and acquiesced in the policy and/or practice of racism and religious discrimination, including by the following:

a.     failing to properly vet potential hires for police officers by the City;

b.     failing to conduct sufficient training with respect to the rights of citizens to be free of racism and religious discrimination by law enforcement;

c.      by failing to adequately punish race- and religious-based law enforcement actions that violate citizens' rights;

d.      by tolerating the use of racist and religiously derogatory statements;

e.      by failing to investigate complaints of racism and religious discrimination by law enforcement; and

f.      by failing to take disciplinary action against officers who engage in racism and religious discrimination that violate citizens' rights.

## COUNT I – VIOLATIONS UNDER 42 U.S.C. §§1981, 1983 and 1988

28.    Plaintiff incorporates by reference paragraphs 1-27 above.

29.    Pursuant to 42 U.S.C. §1981:

> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

42 U.S.C. §1981.

30.    The Equal Protection Clause of the Fourteenth Amendment commands that no State shall "deny to any person within its jurisdiction the equal protection of the laws," which is essentially a direction that all persons similarly situated should be treated alike.  City of Cleburne, Tex. v. Cleburne Living Ctr., 473 U.S. 432, 439, 105 S. Ct. 3249, 3254, 87 L. Ed. 2d 313 (1985) quoting Plyler v. Epps, 457 U.S. 202, 216 (1982).

31.    Pursuant to 42 U.S.C. §1983:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an

action at law, suit in equity, or other proper proceeding for redress, except that in
any action brought against a judicial officer for an act or omission taken in such
officer's judicial capacity, injunctive relief shall not be granted unless a
declaratory decree was violated or declaratory relief was unavailable.

42 U.S.C. §1983.

32.     "[I]n any §1983 action the initial inquiry must focus on whether the two essential

elements to a §1983 action are present: (1) whether the conduct complained of was committed by

a person acting under color of state law; and (2) whether this conduct deprived a person of rights,

privileges, or immunities secured by the Constitution or laws of the United States." Parratt v.

Taylor, 451 U.S. 527, 535 (1981) (overruled in part not relevant here, by Daniels v. Williams,

474 U.S. 327, 330–331 (1986)).

33.     "The traditional definition of acting under color of state law requires that the

defendant in a §1983 action have exercised power 'possessed by virtue of state law and made

possible only because the wrongdoer is clothed with the authority of state law.'" West v. Atkins,

487 U.S. 42, 49 (1988) (quoting United States v. Classic, 313 U.S. 299, 326 (1941)). See Gentry

v. City of Lee's Summit, Mo., 10 F.3d 1340, 1342 (8th Cir. 1993).

34.     On July 25, 2019, Officers Tabarly and Epps, acting under color of state,

individually and in their official capacities, did intentionally deprive Mr. Wishah of his rights

under the U.S. Constitution and 42 U.S.C. §1981 by targeting Plaintiff for disparate and unequal

treatment because of his national origin and religion. Therefore, Plaintiff brings this action

pursuant to 42 U.S.C. §1983.

35.     The City, Mayor McKinney, the Police Chief, Officer Tabarly and Officer Epps,

acting under color of state, individually and in their official capacities, have knowingly acted

with deliberate, intentional and reckless disregard for the rights of Plaintiff under the U.S.

Constitution and 42 U.S.C. §1981 by targeting Plaintiff for disparate and unequal treatment

because of his national origin and religion. Therefore, Plaintiff brings this action pursuant to 42 U.S.C. §1983.

36.      The use of excessive force is a violation of an individual's Fourth Amendment right against unreasonable search and seizure.  As a guest of the Market, who had done nothing illegal or improper, Mr. Wishah had a right to be free of unreasonable search and seizure, including the right to not have excessive force used against him.  On July 25, 2019, Officers Tabarly and Epps, acting under color of state, individually and in their official capacities, did intentionally use unlawful, unreasonable and excessive force against Mr. Wishah.

37.      Mr. Wishah suffered damages, including physical injuries and pain, as a result of the Officers' use of excessive force. Therefore, Plaintiff brings this action pursuant to 42 U.S.C. §1983.

38.      The City, Mayor McKinney, the Police Chief, Officer Tabarly and Officer Epps, acting under color of state, individually and in their official capacities, have knowingly acted with deliberate, intentional and reckless disregard for the rights of Plaintiff under the Fourth Amendment to the U.S. Constitution by using excessive force against Mr. Wishah.  Therefore, Plaintiff brings this action pursuant to 42 U.S.C. §1983.

39.      Plaintiff has been damaged and is entitled to recover compensatory and punitive damages, as well as attorneys' fees, expenses and costs pursuant to 42 U.S.C. §1988.

WHEREFORE, Plaintiff respectfully requests that this Court enter its final judgment and order of damages, in an amount to be determined at trial, including compensatory and punitive damages, awarding Plaintiffs his attorneys' fees, expenses and costs incurred herein, and for such other and further relief as this Court deems just and proper.

## COUNT II – CONSPIRACY TO VIOLATE CIVIL RIGHTS UNDER 42 U.S.C. §1985

40.     Plaintiff incorporates herein by reference paragraphs 1-39 above.

41.     Federal law, 42. U.S.C. §1985, states:

> If two or more persons in any State or Territory conspire or go in disguise on the highway or on the premises of another, for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; or for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection of the laws; or if two or more persons conspire to prevent by force, intimidation, or threat, any citizen who is lawfully entitled to vote, from giving his support or advocacy in a legal manner, toward or in favor of the election of any lawfully qualified person as an elector for President or Vice President, or as a Member of Congress of the United States; or to injure any citizen in person or property on account of such support or advocacy; in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

42 U.S.C. §1985 (West).

42.     The City, Mayor McKinney, Chief Boyer, Officer Tabarly and Officer Epps, acting under color of state in their official capacities, have knowingly acted, individually and in conspiracy with one another, with deliberate, intentional and reckless disregard for the rights of Mr. Wishah under the U.S. Constitution and 42 U.S.C. §1981 by targeting Plaintiff for disparate and unequal treatment because of his national origin and religion, and by subjecting him to the use of excessive force by law enforcement.

43.     Additionally, The City, Mayor McKinney, Chief Boyer, Officer Tabarly and Officer Epps, acting under color of state in their official capacities, have knowingly acted, individually and in conspiracy with one another, with deliberate, intentional and reckless

disregard for the rights of Mr. Wishah under the U.S. Constitution and 42 U.S.C. §1981 by attempting to obstruct justice and cover-up their actions.  Therefore, Plaintiff brings this action under 42 U.S.C. §1985.

44.     Plaintiff has been damaged and is entitled to recover compensatory and punitive damages, as well as attorneys' fees, expenses and costs pursuant to 42 U.S.C. §1988.

WHEREFORE, Plaintiff respectfully requests that this Court enter its final judgment and order of damages, in an amount to be determined at trial, including compensatory and punitive damages, awarding Plaintiff his attorneys' fees, expenses and costs incurred herein, and for such other and further relief as this Court deems just and proper.

**WITZEL KANZLER & DIMMITT, LLC**

By: /s/ Jay L. Kanzler Jr.
Jay L. Kanzler Jr., #41298
2001 S. Big Bend Blvd.
St. Louis, MO 63117
314-645-5367
314-645-5387(fax)
jaykanzler@wkllc.com

Attorneys for Plaintiff Mohammad Wishah