UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MOHAMMED WISHAH, | ) | |
| Plaintiff, | ) | |
| vs. | ) | No. 4:19-cv-03410-SRC |
| | ) | |
| THE CITY OF COUNTRY CLUB HILLS, | ) | |
| MISSOURI, et al., | ) | |
| Defendants. | ) | |

<u>MEMORANDUM IN SUPPORT OF MOTION TO STAY</u>

A district court has discretion to stay a civil case due to a related pending criminal case. *Aldridge v. City of St. Louis*, No. 4:18-CV-1677 CAS, 2020 U.S. Dist. LEXIS 6706, at *9-10 (E.D. Mo. Jan. 15, 2020). Deciding whether to do so calls for the court to, "assess and balance the nature and substantiality of the injustices claimed on either side." *Id*., quoting, *General Dynamics Corp. v. Selb Mfg. Co.*, 481 F.2d 1204, 1214-15 (8th Cir. 1973). The movant should show that the two cases are interrelated such that either they cannot protect themselves in the civil case by selectively invoking the Fifth Amendment, or that the two trials overlap such that effectively defending against both is impossible. *Aldridge*, supra, at 9, citing *Koester v. American Republic Invs., Inc.*, 11 F.3d 818 (8th Cir. 1993).

The factors considered are: 1) the extent to which the issues in the two cases overlap; 2) the criminal case's status, including especially whether the defendant has been indicted; 3) the plaintiff's interest in proceeding expeditiously (and/or the weight of prejudice to plaintiff); 4) the private interests of, and burden on, the defendant; 5) the courts' own interests; and (6) the public's interests. *SEC v. Gerhardt*, 2007 U.S. Dist. LEXIS 35481, at *4-6 (E.D. Mo. May 15, 2007); see also, *Aldridge*, supra, at 10-11, citing *White v. Feaman*, 2018 WL 5831261, at *2

(E.D. Mo. Nov. 7, 2018), and *SEC v. Shanahan*, No. 4:07CV1262 JCH, 2007 U.S. Dist. LEXIS 80309, at *4-5 (E.D. Mo. Oct. 30, 2007).

Here, the first, second, and fourth factors all weigh heavily in favor of a stay. The pending criminal case against Defendant Tabarly – *State v. Idriese Tabarly*, 19SL-CR03678, 21st Judicial Circuit Court (St. Louis County) of Missouri – involves identical facts to those at issue here. The alleged victim in that case is the Plaintiff here. The indictment in that criminal proceeding claims the same conduct as that which Plaintiff alleges in this case and against the same Defendant. (Exhibit A[1]) Absent a stay, Mr. Tabarly must either defend the civil case and assert his right against potential self-incrimination as to most if not all of the allegations (thus risking an adverse inference subjecting him to civil liability), or defend the civil case without invoking the privilege, thus waiving the Fifth Amendment right he would otherwise have been able to assert.

Just nineteen months ago, in a virtually identical situation, a court in this District held:

> The Court finds that the substantial burden on Defendant weighs strongly in favor of a limited stay. Importantly, Defendant has been indicted, and "[a] stay of a civil case is most appropriate where a party to the civil case has already been indicted for the same conduct." *SEC v. Gerhardt*, No. 4:07-CV-00270 JCH, 2007 U.S. Dist. LEXIS 35481, 2007 WL 1452236, at *2 (E.D. Mo. May 15, 2007) (internal quotations and citations omitted) (granting stay pending conclusion of trial in criminal case).

*White v. Feaman*, No. 4:18-CV-00518-NCC, 2018 U.S. Dist. LEXIS 190473, at *7 (E.D. Mo. Nov. 7, 2018).

---

[1] The exhibit is not submitted for the truth of the matters asserted therein, which Defendant Tabarly naturally denies. Rather, it is submitted solely to show that the factual issues in the criminal case and this case overlap to the point of being virtually identical, and that an indictment has in fact been issued in that criminal case against the same Defendant to both cases for the same alleged conduct.

As to the third factor, Plaintiff here has an interest in moving forward with his case, as all parties in all cases do. But there is no special burden on, or prejudice to, Plaintiff beyond that truism. No equitable relief is sought at all, much less for ongoing conduct; rather, Mr. Wishah seeks only money damages. And while the civil case is stayed, he may still conduct his own independent investigation and/or otherwise benefit from discovery conducted in the criminal case. Indeed, once the criminal case is concluded, it may well be that Plaintiff would have no need for further discovery at all.

As to the fifth factor, the Court naturally knows its own caseload and schedule best. Defendant will therefore not presume to argue to the Court which way this factor tilts. It bears noting, though, that the criminal case is currently scheduled to go to trial on September 21, 2020. (Exhibit B, *State v. Tabarly* docket sheet) The extent to which the pandemic, or the requirement that criminal cases receive priority over other litigation (or both), could affect that setting, would of course be somewhat speculative. See, *White v. Feaman*, supra, citing *Ruszczyk v. Noor*, 349 F.Supp.3d 754 (D. Minn. 2018) (potential delays in criminal case are speculative and do not weigh against staying parallel § 1983 civil litigation). On the related matter of overall judicial efficiency, it bears noting that:

> … the discovery obtained in the criminal proceedings may help streamline the civil proceedings. *See, e.g., Ruszczyk*, 2018 U.S. Dist. LEXIS 169830, 2018 WL 4759838, at *5 (finding stay in case where there was substantial overlap between criminal proceedings and section 1983 civil claims against same Defendant would conserve judicial resources, would likely lead to relevant discovery for the civil proceeding, and could possibly simplify the issues or resolve liability questions in the civil proceedings.)

*White v. Feaman*, supra, at *9-10.

There would appear to be no particular general public interest affecting the issue as it presents itself in this case one way or another. There are no non-parties

leaping to mind who might be affected by a stay. Co-Defendant Epps naturally consents to this Motion, and counsel for co-Defendant the City of Country Club Hills, Missouri has indicated that the City consents as well.

   For all the foregoing reasons, Defendant Tabarly respectfully requests the Court to grant and sustain his Motion to Stay Proceedings.

       /s/Mark H. Zoole   
       Mark H. Zoole, #38635MO
       P.O. Box 190549
       St. Louis, MO  63119
       (314) 223-0436
       zoole@sbcglobal.net
       Counsel for Defendant Tabarly


Certificate of Service

   The undersigned certifies that a true and correct copy of the foregoing was sent via the court clerk's electronic notification system to all counsel of record, including Jay Kanzler, 2001 S. Big Bend, St. Louis, MO, 63117, on this 11th day of June, 2020.

       /s/Mark H. Zoole