UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MOHAMMED WISHAH, ) | |
|     Plaintiff, ) | |
| vs. ) | No. 4:19-cv-03410-SRC |
| ) | |
| THE CITY OF COUNTRY CLUB HILLS, ) | |
| MISSOURI, et al., ) | |
|     Defendants. ) | |

### MEMORANDUM IN SUPPORT OF OFFICER EPPS' MOTION TO STRIKE PORTIONS OF PLAINTIFF'S RESPONSES

In "Plaintiff's Responses to Officer Dennis Epps' Statement of Undisputed Material Facts" (ECF Doc 69), the responses to Paragraphs 6, 9, 17, and 21-23 all begin with the word, "Denied", but then nowhere cite to a single fact in the record actually denying the fact they respond to. Rather, they then provide lengthy, non-responsive narratives alleging other matters. They are framed in argumentative ways, frequently fraught with legal conclusions, and make many allegations that have citations, but not to to competent record evidence actually supporting those allegations. That is, they pretend to, but do not actually, respond to the numbered fact paragraph at issue.

Federal Rule of Civil Procedure 56(c) and this Court' Local Rule 4.01(E) call for responses to a movant's numbered paragraphs to either admit or deny them. If the fact is denied, the non-movant is to then cite to the competent record evidence disputing the numbered fact's claim. If the movant cannot cite to such evidence, then the fact is admitted. The response process is not an invitation to make additional claims that might seem favorable to the non-movant, but do not actually refute the fact in the numbered

paragraph being responded to. The non-movant can assert its own specific facts, supported by its own citations to competent record evidence, in its *own* Statement to which a movant then responds. The process exists so the Court can compare each individual fact the parties assert to determine whether there is, or is not, a genuine factual dispute – and to do so in as orderly and direct a fashion as reasonably possible.

Mr. Wishah's responses cheat the process. He tries to not only assert his own claimed facts that he asserts to be material and not in dispute in his own Statement (as he did here, at length), but then also re-assert those claimed facts and assert yet additional ones in a purported "Response" that is not actually responsive. The opposing party and the Court must then either ignore the extraneous claims in the purported "Response" or walk through yet more pages of argument, in what was supposed to be a clean process of fact-with-citation compared to fact-with-citation. This delays and confuses the already painstaking efforts involved in the summary judgment process. It is extremely inefficient, fundamentally unfair, and violates the rules.

Mr. Wishah's responses to Paragraphs 8, 10-12, 18-20, and 24-29 are even worse. They all also begin with the word, "Denied" and then nowhere cite to record evidence actually disputing the fact asserted. But then these responses merely refer to yet another response (and always one of the responses objected to above) without specifying *where* in that referred-to lengthy response any citation to actual record evidence might be found that relates to the paragraph *it* responds to. This practice forces the Court and opposing counsel to sift through an unduly long narrative elsewhere (most of which is itself gratuitous and not directly responsive to the Paragraph *it* purports to respond to) to

try to find a citation to evidence, if any at all, that might dispute the fact asserted in the referring response. It too unjustly delays the summary judgment process and imposes an undue burden on the Court, the parties, and their counsel, violating both the letter and spirit of Federal Rule of Civil Procedure 56 and this Court's Local Rule 4.01(E).

The rules establish a system designed to help the litigants and the Court identify those precise facts that each party may claim to be material, and then examine whether each such fact is supported by competent evidence. The parties can then argue, and the Court then determine, the applicable law. It is a challenging enough process when the parties obey those rules. These practices reflected in Mr. Wishah's responses frustrate the efficiency and justice of that process, and of the rules. For all the foregoing reasons, Officer Epps objects to the referenced responses, requests they be disregarded by the Court, and that the Court grant and sustain his Motion to strike them from the record.

/s/Mark H. Zoole
Mark H. Zoole, #38635MO
P.O. Box 190549
St. Louis, MO  63119
(314) 223-0436
zoole@sbcglobal.net
Counsel for Defendant Dennis Epps

Certificate of Service

The undersigned certifies that a true and correct copy of the foregoing was sent via the court clerk's electronic notification system to all counsel of record, including Jay Kanzler, 2001 S. Big Bend, St. Louis, MO, 63117, on this 5th day of March, 2021.

/s/Mark H. Zoole