UNITED STATES DISTRICT COURT
EASTERN DIVISION OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MOHAMMAD WISHAH, | ) | |
| | ) | |
| Plaintiffs(s), | ) | |
| | ) | |
| vs. | ) | Case No. 4:19-cv-03410-SRC |
| | ) | |
| CITY OF COUNTRY CLUB HILLS, et al., | ) | |
| | ) | |
| | ) | |
| Defendant(s). | ) | |

**Memorandum and Order**

The Court considers Wishah's Consent Motion for Leave to File Under Seal. Doc. 118. The Court denies the motion without prejudice.

I. **Background**

Plaintiff Mohammad Wishah filed this action against Defendants the City of Country Club Hills, Missouri, Mayor Bender McKinney, Chief of Police Daniel Boyer, Officer Dennis Epps, and Officer Idriese Tabarly for violations of his constitutional rights. Doc. 1 at 7–9. Wishah claimed that Defendants subjected him to excessive use of force, discriminated against him because of his national origin and religion, and conspired to violate his civil rights. *Id.* (citing 42 U.S.C. §§ 1981, 1983, 1985).

After the completion of discovery and submission of briefing on Defendants' Motions for Summary Judgment, Docs. 55, 59, Wishah dismissed his claims against all Defendants except for the City of Country Club Hills. Doc. 114. On August 18, 2021, Wishah filed a Notice of Settlement on the Court's docket, indicating that he had also settled his claims against the City. Doc. 116. On August 19, 2021, the Court entered the following Order on the docket, acknowledging the settlement and setting a deadline for Wishah to dismiss the case:

> Docket Text ORDER: The Court received notice that the parties reached a settlement in this matter. The Court denies without prejudice all pending motions. The Court stays all pending deadlines and vacates the jury trial set for October 4, 2021 and the pretrial conference set for September 29, 2021. By no later than September 15, 2021, the parties must file a stipulation of dismissal, motion to dismiss, or consent judgment. Failure to timely comply with this order will result in the dismissal of this action with prejudice and without further notice.

Doc. 117.

Later that day, Wishah filed a Consent Motion for Leave to File Under Seal, Doc. 118, requesting that the Court seal both his Notice of Settlement, Doc. 116, and the Court's Docket Text Order, Doc. 117. Wishah filed a sealed memorandum in support of his Motion, Doc. 119, pursuant to Local Rule 13.05(A)(4)(b). Non-party Robert Patrick intervened, filing a pro se memorandum in opposition to Wishah's Motion for Leave to File Under Seal, Doc. 120, pursuant to Local Rule 13.05(A)(4)(d) ("Within seven (7) days from the filing of the Motion for Sealing, a party or a non-party may file a Memorandum Opposing Sealing which may be filed in the public record or under seal.").

## II.     Discussion

Wishah seeks a Court order sealing his Notice of Settlement and the corresponding Docket Text Order. Doc. 118. Wishah represents that the parties entered into a Settlement Agreement with a confidentiality provision relating to the nature and terms of the parties' settlement. Doc. 119 at ¶ 1. Wishah requests that the Court permanently seal the Notice of Settlement and Docket Text Order to effectuate the purpose of the confidentiality provision. *Id.* at ¶¶ 1, 4. In support, Wishah argues that the Court may seal records relating to settlement where the "substantial benefits of the settlements are balanced against the harm of sealing the documents from public view." *Id.* at ¶ 2 (quoting *Williams v. BPV Mkt. Place Invs., L.L.C.*, 2014 WL 5017934, at *2 (E.D. Mo. Oct. 7, 2014)). In response, Robert Patrick argues that the parties'

interest in "confidentiality" is not enough to justify sealing, particularly as some of the terms of the settlement are already public by way of a published news article and because the entire agreement is currently available upon request via the Sunshine Law, Mo. Ann. Stat § 610.021(1). Doc. 120 at ¶ 4.

Several circuits have recognized a First Amendment right of public access to the court file in civil proceedings, requiring that any denial of access "be necessitated by a compelling government interest and narrowly tailored to serve that interest." *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988); s*ee also Publicker Industries, Inc. v. Cohen*, 733 F.2d 1059, 1067–71 (3d Cir. 1984); *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1176 (6th Cir. 1983); *Matter of Continental Illinois Securities Litigation*, 732 F.2d 1302, 1314 (7th Cir. 1984). The Eighth Circuit has not yet determined whether such a right of access exists under the First Amendment in civil cases. *In re Bair Hugger Forced Air Warming Devices Products Liability Litigation*, 2021 WL 3612753, at *17 (8th Cir. 2021) (citing *IDT Corp. v. eBay*, 709 F.3d 1220, 1224 n.2 (8th Cir. 2013)). In *IDT Corp.*, the Eighth Circuit stated that the Supreme Court's decisions have established "at least two prerequisites [to recognition of a First Amendment right of access in civil proceedings, including] . . . (1) a historical tradition of accessibility, and (2) a significant positive role for public access in the functioning of the judicial process in question." 709 F.3d at 1224 n.2 (citing *Press–Enterprise Co. v. Superior Court of Cal., Cnty. of Riverside*, 478 U.S. 1, 8 (1986)). The parties do not raise the constitutional issue in their briefs, so the Court declines to address it further here. Docs. 119, 120.

The Eighth Circuit does recognize a common-law right of access to judicial records in civil proceedings. *See IDT Corp. v. eBay*, 709 F.3d 1220, 1222 (8th Cir. 2013) (citing *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 (1978)). "This right of access bolsters public

3

confidence in the judicial system by allowing citizens to evaluate the reasonableness and fairness of judicial proceedings, and 'to keep a watchful eye on the workings of public agencies.'" *Id.* (quoting *Nixon*, 435 U.S. at 598) (internal citation omitted). The decision whether to seal a judicial record is left to the sound discretion of the trial court "in light of the relevant facts and circumstances of the particular case." *Nixon*, 435 U.S. at 599. "Where the common-law right of access is implicated, the court must consider the degree to which sealing a judicial record would interfere with the interests served by the common-law right of access and balance that interference against the salutary interests served by maintaining confidentiality of the information sought to be sealed." *Id.* at 1223.

Missouri's Sunshine Law represents a substantial additional hurdle for a public entity seeking to seal a settlement agreement. *See Hartman v. New Madrid County R-1 School District*, 2021 WL 296830, at *3 (E.D. Mo. Jan. 28, 2021). Mo. Ann. Stat. § 610.011 provides that "[i]t is the public policy of this state that meetings, records, votes, actions, and deliberations of public governmental bodies be open to the public unless otherwise provided by law," and states that its provisions "shall be liberally construed and their exceptions strictly construed to promote this public policy." The Sunshine Law provides only a narrow exception to public disclosure:

> [A]ny minutes, vote or settlement agreement relating to legal actions, causes of action or litigation involving a public governmental body or any agent or entity representing its interests or acting on its behalf or with its authority . . . shall be made public upon final disposition of the matter voted upon or upon the signing by the parties of the settlement agreement, *unless, prior to final disposition, the settlement agreement is ordered closed by a court after a written finding that the adverse impact to a plaintiff or plaintiffs to the action clearly outweighs the public policy considerations of section 610.011*, however, the amount of any moneys paid by, or on behalf of, the public governmental body shall be disclosed.

Mo. Ann. Stat § 610.021(1) (emphasis added).

The Court observes, at the outset, that Wishah is in a bind of his own making. Wishah filed his Notice of Settlement on the public docket a full day before he requested that the Court seal it. Doc. 116. And the Court's Docket Text Order in response to Wishah's Notice of Settlement simply recognized that Wishah had settled and set a deadline for dismissal. Doc. 117. If Wishah wanted his settlement with the City to remain confidential, he could have filed a motion for sealing without first publicly filing Notice of Settlement. *See* Local Rule 13.05.

Robert Patrick's memorandum raises another point: the details of Wishah's settlement are already published in the media. Doc. 120. Patrick is a reporter for the St. Louis Post-Dispatch who frequently accesses court documents on the Court's docket. *Id.* at ¶ 1. Patrick states that he "has been following the Wishah v. Country Club Hills case, 4:19-CV-03410, and wrote about a settlement agreement August 19 after receiving a copy of it via Missouri's 'Sunshine' Act." *Id.* at ¶ 2 (referring to Mo. Ann. Stat § 610.021(1)). Indeed, the Court takes judicial notice that a news article in the St. Louis Post-Dispatch has already publicized the details of Wishah's settlement with the City. *See* Fed. R. Evid. 201(b)(2) ("The court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."); *see also White Hall Pharmacy LLC v. Doctor's Orders RX Inc.*, 2019 WL 7838299, at *1 (E.D. Ark. June 10, 2019) (taking judicial notice of media reports when there was no dispute as to the authenticity of the articles). While the Court takes no position on the veracity of the information in the Post-Dispatch article, the fact that news media has already obtained the settlement agreement and published the details online severely diminishes the parties' continuing interest in sealing the court record. Now that the settlement details have been released to the public, the genie is out of the bottle; the existence of the settlement is already public knowledge.

5

Further, Wishah's motion utterly ignores the applicable legal standards governing his request for sealing. Wishah does not make any real argument that the parties' interest in sealing the Court record outweighs the public's common-law right of access under *IDT Corp.*, 709 F.3d at 1222. Doc. 119 at ¶ 3. He failed to present any evidence of the parties' supposed interest in keeping the existence of their settlement under seal; his memorandum merely states: "the parties believe that the benefit of the parties' confidential settlement outweighs the harm of sealing the notice of settlement and the corresponding docket order." *Id.* Accordingly, the Court finds that the parties' interest in maintaining the confidentiality of the settlement is outweighed by the public's interest in viewing the Court record, especially since the settlement involves a public entity. *See IDT Corp.*, 709 F.3d at 1222.

Wishah also failed to address the considerations of Missouri's Sunshine Law, Mo. Ann. Stat. § 610.011. Doc. 119. Under § 610.011, the public has a broad right of access to the "meetings, records, votes, actions, and deliberations of public governmental bodies," including settlement agreements relating to litigation against public entities. *See* §§ 610.011, 610.021(1). And while § 610.021(1) allows a court to seal a settlement agreement upon a written finding that the adverse impact to a plaintiff "clearly outweighs" the public policy considerations of § 610.011, the amount of money paid by the public entity is always disclosed. *See* § 610.021(1) ("[H]owever, the amount of any moneys paid by, or on behalf of, the public governmental body shall be disclosed."). Here, the settlement involves the City of Country Club Hills, a local government entity, paying claims for alleged violations of one of its residents' constitutional rights. Doc. 1 at 7–9. Under Missouri's Sunshine Law, the public has a right to access the settlement agreement itself, and the parties fail to explain why the agreement did not become public under that law. *See* §§ 610.011, 610.021(1); Doc. 119.

Wishah's citation to *Williams*, 2014 WL 5017934, at *2, is unavailing. *Williams* involved the settlement of the plaintiffs' FLSA claims against a private company. *Id.* The *Williams* court allowed the parties' settlement agreements to remain sealed on the record because they contained confidentiality provisions, finding that "the interests of justice weigh in favor of approving the parties' settlement agreements and allowing them to remain filed under seal." *Id.* Notably, *Williams* did not address the question of whether the court should seal a *notice of settlement* already filed on the public docket. *Id.* Unlike in *Williams*, Wishah does not seek to file the parties' settlement agreement under seal. Doc. 119 at ¶¶ 3–4. Wishah requests that the Court seal a Notice of Settlement that he already filed on the public docket, all to keep the very *existence* of the parties' settlement a secret. *Id.* The Court declines to grant this wish.

### III.   Conclusion

The Court denies Wishah's Consent Motion for Leave to File Under Seal without prejudice. Doc. 118.

So Ordered this 30th day of August 2021.

_SL R. CR_____
**STEPHEN R. CLARK**
**UNITED STATES DISTRICT JUDGE**